**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.: 19-02334 |
| | ) | |
| Charles J. Trost and Pamela J. Trost | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | Honorable Janet S. Baer |
| | ) | (DuPage) |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on April 12, 2019, at 11:00 AM, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Janet S. Baer, Bankruptcy Judge, in the Kane County Courthouse, 100 S. Third Street, Geneva, Illinois, room 240, or before any other Bankruptcy Judge who may be sitting in her place and stead, and shall then and there present this **MOTION OF SECURED CREDITOR BANK OF AMERICA, N.A. FOR ENTRY OF AN ORDER: (I) COMPELLING TRUSTEE TO ABANDON PROPERTY PURSUANT TO SECTION 554(b) AND (II) GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTION 362(d)**, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith, at which time you may appear if you so desire.

Dated: April 2, 2019                    BANK OF AMERICA, N.A.

                                        By: */s/ Lars A. Peterson*
                                            One of its Attorneys

Lars A. Peterson (ARDC No. 6293551)
Lowis & Gellen LLP
175 West Jackson Blvd., Suite 950
Chicago, Illinois 60604
(312) 364-2500
lpeterson@lowis-gellen.com

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that I have served a copy of this Notice and the Motion attached hereto on the parties listed on the attached Service List by CM/ECF or via U.S. Mail when indicated, at or before 5 p.m., on April 2, 2019.

*/s/ Lars A. Peterson*

### **Service List**

### **Parties served by CM/ECF:**

- **Gina B Krol**   gkrol@cohenandkrol.com, gkrol@ecf.axosfs.com; gkrol@cohenandkrol.com; acartwright@cohenandkrol.com; jneiman@cohenandkrol.com

- **Patrick S Layng**   USTPRegion11.ES.ECF@usdoj.gov

- **Michael L Sherman**   shermlaw1@aol.com

- **Mark J Stauber**   stauberlaw@comcast.net; markjslaw@aol.com; stauberlaw@gmail.com

### **Parties served by US Mail:**

(see following pages)

Atg Credit
1700 West Cortland Street
Suite 201
Chicago, IL 60622-1166

Avant
Attn: Bankruptcy
Po Box 9183380
Chicago, IL 60691-3380

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Barclays Bank Delaware
Attn: Correspondence
Po Box 8801
Wilmington, DE 19899-8801

Cadence Health
c/o Nationwide Credit & Collection
815 Commerce Dr., Suite 270
Oak Brook, IL 60523-8852

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130-0285

Chase Card Services
Correspondence Dept
Po Box 15298
Wilmington, DE 19850-5298

Citibank/The Home Depot
Attn: Recovery/Centralized Bankruptcy
Po Box 790034
St Louis, MO 63179-0034

Comenity Bank/Carsons
Attn: Bankruptcy Dept
Po Box 182125
Columbus, OH 43218-2125

Comenity/ MPRC
Attn: Bankruptcy
Po Box 182125
Columbus, OH 43218-2125

Costco Go Anywhere Citicard
Citicorp Credit Services/Centralized Ban
Po Box 790040
St. Louis, MO 63179-0040

DuPage Medical Group
15921 Collections Center Drive
Chicago, IL 60693-0159

EdFinancial Services
Attn: Bankruptcy
Po Box 36008
Knoxville, TN 37930-6008

Ford Motor Credit
PO Box 542000
Omaha, NE 68154-8000

Harvard Collection Services, Inc.
4839 N. Elston Ave.
Chicago, IL 60630-2589

Illinois Department of Revenue
P.O. Box 64338
Chicago, IL 60664-0291

Kohls/Capital One
Kohls Credit
Po Box 3120
Milwaukee, WI 53201-3120

LVNV Funding/Resurgent Capital
Attn: Bankruptcy
Po Box 10497
Greenville, SC 29603-0497

Laura A. Oswald, DO
7 Blanchard Cir, Suite 200
Wheaton, IL 60189-2039

Med Business Bureau
1460 Renaissance Dr #400
Park Ridge, IL 60068-1349

Merchants Credit Guide Co.
223 West Jackson Boulevard
Suite 700
Chicago, IL 60606-6914

Nordstrom FSB
Attn: Bankruptcy
Po Box 6555
Englewood, CO 80155-6555

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Synchrony Bank/AVB Buying Group
Attn: Bankruptcy Dept
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/Banana Republic
Attn: Bankruptcy Dept
Po Box 965060
Orlando, FL 32896-5060

| | | |
|---|---|---|
| Synchrony Bank/Care Credit<br>Attn: Bankruptcy Dept<br>Po Box 965060<br>Orlando, FL 32896-5060 | Synchrony Bank/TJX<br>Attn: Bankruptcy Dept<br>Po Box 965060<br>Orlando, FL 32896-5060 | Tnb-Visa (TV) / Target<br>C/O Financial & Retail Services<br>Mailstop BV PO Box 9475<br>Minneapolis, MN 55440-9475 |
| US BANK<br>PO BOX 5229<br>CINCINNATI OH 45201-5229 | US Department of Treasury IRS<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Visa Dept Store National Bank/Macy's<br>Attn: Bankruptcy<br>Po Box 8053<br>Mason, OH 45040-8053 |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Case No.: 19-02334 |
| | ) |
| Charles J. Trost and Pamela J. Trost | ) Chapter 7 |
| | ) |
| Debtors. | ) Honorable Janet S. Baer |
| | ) (DuPage) |

**MOTION OF SECURED CREDITOR BANK OF AMERICA, N.A.**
**FOR ENTRY OF AN ORDER: (I) COMPELLING TRUSTEE TO ABANDON**
**PROPERTY PURSUANT TO SECTION 554(b) AND (II) GRANTING RELIEF FROM**
**THE AUTOMATIC STAY PURSUANT TO SECTION 362(d)**

BANK OF AMERICA, N.A. (the "**Bank**"), by and through its undersigned attorneys, respectfully moves this Court (the "**Motion**") for entry of an order (the "**Order**"):

i.  pursuant to Bankruptcy Code section 554(b), compelling the chapter 7 trustee (the "**Trustee**") to abandon: (a) those certain 6,040 shares of common stock (the "**Pledged Shares**") in CJT Koolcarb, Inc., an Illinois corporation ("**CJT Koolcarb**"), owned by Charles J. Trost, Jr. (the "**Debtor**"); and (b) any interest the estate may have in certain pending state-court proceedings (the "**Related Cases**");

ii. pursuant to Bankruptcy Code section 362(d)(2), granting the Bank relief from the automatic stay to permit the Bank to exercise state-law rights and remedies: (a) with respect to the Pledged Shares; and (b) with respect to the Related Cases.

In support of this Motion, the Bank respectfully states as follows:

**JURISDICTION**

1. This Court has jurisdiction pursuant to 28 U.S.C. §1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

2. The predicates for this Motion are sections 554(b) and 362(d)(2) of title 11 of the United States Code, as amended (the "**Bankruptcy Code**") and Fed. R. Bankr. P. 4001 and 6007.

## OVERVIEW

3. The Bank holds a secured claim based upon a state court judgment against the Debtor in the amount of at least $1,768,255.86, excluding attorneys' fees and costs, which continue to accrue. The Bank's claim is secured by stock owned by the Debtor in CJT Koolcarb, which the Debtor pledged to the Bank as security for loans made to the Debtor. The value of the Pledged Shares is less than the amount of the Bank's claim. Accordingly, the Bank seeks to have the Trustee abandon the estate's interest in the Pledged Shares so that the Bank can seek to exercise its rights and remedies with respect to its collateral.

4. Furthermore, the Bank seeks relief from the automatic stay with respect to the Related Cases – matters to which the Debtor is nominally a party, but from which there is no hope of any recovery for the bankruptcy estate.

## FACTUAL BACKGROUND

### A. **The Bank Holds a Secured Claim Against the Debtor Stemming From Loan Agreements**

5. On or about September 1, 2005, the Debtor and his mother, Shirley Trost (together, the "**Borrowers**"), jointly and severally executed a promissory note in the original principal amount of $2,400,000.00 (attached hereto as Exhibit 1) in favor of LaSalle Bank National Association ("**LaSalle**") (as amended from time to time, the "**Note**"). Borrowers and LaSalle entered into a Loan Agreement at that time (attached hereto as Exhibit 2) which, among other things, contained relevant terms and conditions for the Original Note (as amended from time to time, the "**Loan Agreements**").

6.  In connection with the Loan Agreements, the Borrowers granted the Bank a security interest in stock the Borrowers held in CJT Koolcarb. That security interest is documented in the Stock Pledge Agreement (attached hereto as Exhibit 3) dated as of September 1, 2005 (the "**Original Stock Pledge Agreement**," and as subsequently amended, the "**Stock Pledge Agreement**") which was later amended by that certain Stock Pledge Modification Agreement (attached hereto as Exhibit 4) dated as of July 2, 2012 (the "**Stock Pledge Modification**").

7.  On or about October 17, 2008, LaSalle merged into and with the Bank, and the Bank became the owner and holder of the Loan Agreements.

8.  The Bank sued the Debtor in the Circuit Court of Cook County (the "**Circuit Court**") in connection with the Debtor's breach of the Loan Agreements (Case No. 2013-L-009093). On September 23, 2014, the Circuit Court entered a judgment in favor of the Bank and against the Debtor in the amount of $1,336,882.79 (attached hereto as Exhibit 5) as the amount due and owing for breach of the Loan Agreements. On October 2, 2014, the Circuit Court entered a judgment as to attorney's fees and costs in favor of Bank and against the Debtor in the amount of $9,644.51 (attached hereto as Exhibit 6). The aggregate amount of the two judgments entered against the Debtor by the Circuit Court (together the "**Judgments**") is One Million Three Hundred Forty Six Thousand Five Hundred Twenty-Seven and 30/100 Dollars ($1,346,527.30).

9.  In connection with the Judgments, the Debtor was indebted to Bank as of the Petition Date in the following amounts:

| Original Principal Amount of Judgments: | $1,346,527.30 |
| Accrued Post-Judgment Interest to Petition Date: | $527,227.04 |
| Amounts Repaid to Bank Prepetition: | ($105,498.48) |
| **Total Amount Owed on Petition Date:** | **$1,768,255.86** |

10. The Original Stock Pledge Agreement includes that certain Issuer Acknowledgment dated as of September 1, 2005 (the "**Original Issuer Acknowledgement**") (*see* Exhibit 3, page 17 of 18) signed by CJT/Koolcarb, Inc., a Delaware corporation. The Debtor's pledge of stock to the Bank was further acknowledged by CJT Koolcarb in that certain Issuer Supplemental Stock Pledge Acknowledgement (attached hereto as Exhibit 7) dated as of January 1, 2008 (the "**2008 Issuer Acknowledgement**").

11. By letter dated February 1, 2016 (attached hereto as Exhibit 8), counsel for the Bank notified CJT Koolcarb of the Borrowers' default on the Note, the entry of the Judgments in favor of the Bank, and the Bank's assertion of its rights as a secured creditor under the Stock Pledge Agreement.

12. By reply dated February 24, 2016, counsel for CJT Koolcarb acknowledged the Bank's notice pursuant to the Stock Pledge Agreement and agreed to recognize the Bank's rights thereunder (attached hereto as Exhibit 9).

### B. Status of Probate Proceeding for Estate of Shirley M. Trost

13. On August 23, 2013, a probate action (DuPage County, 2013 P 000765) (the "**Probate Proceeding**") was opened for the estate of the Debtor's mother, Shirley Trost (the "**Probate Estate**"). The Debtor has previously appeared through counsel in the Estate Proceeding as an heir to the Estate.

14. On October 23, 2013, the Bank made a claim against the Probate Estate in the amount of $1,231,392.94 plus attorneys' fees, costs, and interest (attached hereto as Exhibit 10). On March 15, 2018, the Probate Court entered an order (attached hereto as Exhibit 11) allowing the Bank's Claim against the Probate Estate pursuant to the Bank's Petition to Adjudicate its Claim.

15. The Probate Estate contains no significant assets other than 1,565 uncertificated shares of stock in CJT Koolcarb (the "**Probate Shares**") (see Exhibit 12, page 11 of 12).

16. Pursuant to the Stock Pledge Agreement executed by Shirley M. Trost and acknowledged by CJT Koolcarb, the Bank was granted a security interest in the Probate Shares.

17. CJT Koolcarb also filed a claim against the Probate Estate in the amount of $3,784,143.17, which it claimed was secured pursuant to a security agreement. On July 27, 2016, the Bank and CJT Koolcarb entered into a Stipulation (attached hereto as Exhibit 13) as to Lien Priority ("**Probate Stipulation**"). In the Probate Stipulation, the Bank and CJT Koolcarb agreed that the Bank has a superior lien position to CJT Koolcarb's lien position as to the Probate Shares, and that the Bank's claim on the Probate Shares is prior to the claim of CJT Koolcarb. On October 26, 2018, the Probate Court entered an order disallowing CJT Koolcarb's claim (attached hereto as Exhibit 14).

**C. Status of Declaratory Judgment Action**

18. On January 8, 2018, CJT Koolcarb filed a declaratory judgment action against the Bank (DuPage County, 2018 MR 00031) (the "**Declaratory Judgment Action**" and, together with the Probate Proceeding, the "**Related Cases**"). The Declaratory Judgment Action relates to 3,984 uncertificated shares of stock in CJT Koolcarb (the "**Settlement Shares**") that were obtained by the Debtor from his father's estate and transferred by the Debtor to CJT Koolcarb in September 2014 in connection with a settlement agreement reached between the Debtor and CJT Koolcarb. The Settlement Shares are not property of the bankruptcy estate or of the Debtor.

19. In the Declaratory Judgment Action, Koolcarb is seeking a declaratory judgment that: (i) the Settlement Shares are not subject to the Bank's security interest under the Stock Pledge Agreement; and (ii) the Bank is prohibited from selling any pledged stock to a non-individual, and from taking ownership of any pledged stock.

5

20. Although the Bank was the only defendant named by CJT Koolcarb in its original Declaratory Judgment Action complaint, the Court later ordered CJT Koolcarb to add all CJT Koolcarb shareholders (including the Debtor) as defendants to the Declaratory Judgment Action. On July 19, 2018, CJT Koolcarb filed its First Amended Complaint in the Declaratory Judgment Action (attached hereto as <u>Exhibit 15</u>), which named the Bank, the Debtor, and numerous other parties as defendants due to their status as CJT Koolcarb's shareholders.

## RELIEF REQUESTED

21. The Bank requests that the Court enter an Order: (i) pursuant to Bankruptcy Code section 554(b), ordering Trustee to abandon: (a) the Pledged Shares; and (b) any interest the bankrutpcy estate may have in the Related Cases; and (ii) pursuant to Bankruptcy Code section 362(d)(2), granting the Bank relief from the automatic stay to permit the Bank to exercise state-law rights and remedies: (a) with respect to the Pledged Shares; and (b) with respect to the Related Cases.

## ARGUMENT

**A. The Court Should Order the Trustee to Abandon the Pledged Shares and any Interest in the Related Cases**

22. Section 554(b) of the Bankruptcy Code provides that: "On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b).

23. "The normal use of § 554 is to give up an interest in [property] that is burdened by a debt so large that the equity value is negligible or negative." *In re Res. Tech. Corp*., 430 F.3d 884, 887 (7th Cir. 2005); *see also In re Pearson Indus., Inc*., 178 B.R. 753, 761 (Bankr. C.D. Ill. 1995) ("If there is no equity in the collateral for the bankruptcy estate or if the property

6

is burdensome to the estate, the trustee generally abandons the property ..."). "A Trustee in bankruptcy may abandon worthless or low value assets, including legal claims." *Biesek v. Soo Line R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006).

### The Bankruptcy Estate Has No Equity in the Pledged Shares

24. In his schedules of assets, the Debtor describes the Pledged Shares as "6000 shares of CJT Koolcarb, Inc.," and assigns a value to those shares of $846,000.[1] [Docket No. 17 at 6; *see also* Docket No. 1 at 8]

25. The Debtor's asserted value of $846,000 is well below the $1,768,255.86 debt owed to the Bank, which encumbers the Pledged Shares.

26. The actual value of the Pledged Shares is likely even less than the value asserted by the Debtor in his schedules for several reasons, including:

- CJT Koolcarb is a closely held corporation owned primarily by members of the Trost family;

- The Pledged Shares represent a minority interest in CJT Koolcarb, and as such would likely sell at a substantial discount to the value of a controlling interest. *See, e.g., Curry's Estate v. United States*, 706 F.2d 1424, 1428 (7th Cir. 1983) ("[I]t does not comport with common sense that a willing buyer would be likely to purchase non-voting shares in a small, family-held business, without concomitantly purchasing a controlling voting interest."); *In re Opelika Mfg. Corp.*, 66 B.R. 444, 449–50 (Bankr. N.D. Ill. 1986) (finding that a "block of stock representing a minority position in a closely-held company would trade at a very substantial [i.e. 50%-60%] discount.");

- The company's S-Corporation status and certain provisions of its bylaws may restrict the ownerhip of its stock by certain persons, as CJT Koolcarb has argued in the Declaratory Judgment Action;

- The Pledged Shares are encumbered by the Bank's security interest pursuant to the Stock Pledge Agreement, and therefore the disposition of such shares will likely need to involve the added complication of a UCC sale;

- Throughout the years of litigation and negotiation that preceded the filing of this chapter 7 proceeding, no party in interest, including CJT Koolcarb and its other shareholders, has ever offered to purchase the Bank's interest in the Pledged Shares for anything

---

[1] This asserted value of $846,000 for 6,000 shares is equal to $141.00 per share. The Bank believes that the actual number of shares held by the Debtor is 6,040 rather than 6,000.

7

approaching the value asserted by the Debtor.

27. Accordingly, the estate has no equity in the Pledged Shares.

<u>The Bankruptcy Estate Has No Equity in the Probate Estate</u>

28. Although the Debtor is technically an heir of the Probate Estate, there is no possibility of any property from the Probate Estate being inherited by the Debtor. The Illinois Probate Code provides that a probate estate cannot distribute assets to an heir or legatee of a decedent unless "there are sufficient assets to pay all claims." 755 ILCS 5/28-10.

29. As noted above, the Bank holds an allowed claim against the Probate Estate in the amount of $1,231,392.94 plus attorneys' fees, costs, and interest.

30. The Probate Estate does not contain any assets from which to pay the claims of creditors except for the Probate Shares.

31. Using the Debtor's valuation of $141 per share (which the Bank believes overstates the shares' value), the value of the Probate Shares is no more than $220,665.00. Thus, the Probate Estate is deeply insolvent, and neither the Debtor nor any other beneficiary will ever be entitled to any distribution of property from the Probate Estate.

<u>The Bankrtupcy Estate Has No Equity in the Declaratory Judgment Action</u>

32. Although the Debtor has been named as a defendant in the Declaratory Judgment Action, he has no property interest at stake in that matter, and cannot gain anything of value from it.

33. The Declaratory Judgment Action is a dispute between CJT Koolcarb and the Bank over: (i) whether the Bank holds a security interest in the Settlement Shares (which are owned by CJT Koolcarb), and (ii) whether the Bank can sell pledged stock to a non-individual, or take ownership itself of pledged stock.

34. Neither the Debtor nor his bankruptcy estate stands to gain anything of value in the Declaratory Judgment Action.

35. The estate's interest (if any) in the Related Cases is "of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b). Accordingly, the court should require the Trustee to abandon any interest the estate may have in the Related Cases.

### B. The Bank is Entitled to Relief From Stay Under Section 362(d)(2)

36. Pursuant to section 362(d)(2) of the Bankruptcy Code, the Bank is entitled to relief from the automatic stay in order: (i) to exercise its rights under the Stock Pledge Agreement with regard to the Pledged Shares, and (ii) to exercise its state-law rights and remedies with respect to the Related Cases.

37. Section 362(d)(2) provides that "the court shall grant relief from the stay ... with respect to a stay of an act against property under subsection (a) of this section, if— (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2).

38. In a chapter 7 case, which involves the liquidation of the debtor's assets rather than a reorganization, "[t]he only question faced by the bankruptcy court" in applying the analysis required under section 362(d)(2) is "whether the debtor had equity in the property." *Matter of Vitreous Steel Prod. Co.*, 911 F.2d 1223, 1232 (7th Cir. 1990); *see also In re Quade*, 482 B.R. 217, 231 (Bankr. N.D. Ill. 2012) ("because this is a chapter 7 case, there will be no reorganization, and therefore lack of equity is all [movant] need show.")

39. To determine whether a debtor has equity in an asset within the meaning of section 362(d)(2), the court must compare the value of the asset to the amount of the debt that encumbers it; if the debt is greater than or equal to the value of the asset, then the stay should be lifted. *See Matter of Vitreous Steel Prod. Co.*, 911 F.2d 1223, 1232 (7th Cir. 1990).

40. As set forth in detail above, the Debtor's estate has no equity in the Pledged Shares, nor in the Related Cases. Accordingly, the automatic stay should be lifted pursuant to section 362(d)(2).

## **NO PREVIOUS MOTION**

41. No previous motion for the relief set forth herein has been sought by Bank in this or any other court.

## **NOTICE**

42. Notice of this Motion has been given to: (i) the United States Trustee; (ii) the Debtors and their Counsel; (iii) the Trustee, and (iv) all creditors. In light of the nature of the relief requested, the Bank submits that no other or further notice is required.

WHEREFORE, Bank respectfully requests that this Court enter an order:

i. pursuant to Bankruptcy Code section 554(b), compelling the Trustee to abandon: (a) the Pledged Shares; and (b) any interest the estate may have in the Related Cases;

ii. pursuant to Bankruptcy Code section 362(d)(2), granting the Bank relief from the automatic stay to permit the Bank to exercise state-law rights and remedies: (a) with respect to the Pledged Shares; and (b) with respect to the Related Cases; and

iii. granting the Bank such other and further relief as this Court deems just and proper.

Dated: April 2, 2019

        Respectfully submitted,

        BANK OF AMERICA, N.A.

        By: */s/ Lars A. Peterson*
            One of its Attorneys

Lars A. Peterson (No. 6293551)
Lowis & Gellen LLP
175 West Jackson Blvd., Suite 950
Chicago, Illinois 60604
(312) 364-2500
lpeterson@lowis-gellen.com